UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JANE DOE 3, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:23-cv-00358-JDL |
| | ) | |
| EXECUTIVE OFFICE OF THE PRESIDENT, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff asserts various harms from alleged federal government surveillance and other action. (Complaint, ECF No. 1.) The complaint filed in this action on behalf of Jane Doe 3 was signed by Ian R. Buenaventura, an individual who is not licensed to practice law in this Court. (*Id.*) Following a review of the complaint, I recommend the Court dismiss the matter.

**DISCUSSION**

Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). "A district court may dismiss a complaint sua sponte, regardless of whether or not payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption." *Baldi v. Mueller*, No. 09-10320-DPW, 2010 WL 1172616, at *3 (D. Mass. Mar. 23, 2010); *see also, Yi v. Soc. Sec. Admin.*,

554 F. App'x 247, 248 (4th Cir. 2014) ("frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted); *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention").

A court's expeditious sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the legitimate federal issues are not substantial. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*,

36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question, however").[1]

Here, Plaintiff named as defendants the White House and the Secretary of Defense, along with ten unknown foreign nations, ten unknown individuals, and ten unknown entities, but none of their conduct is described in any detail. In Plaintiff's filings, which are comprised of more than 1000 pages, Plaintiff alleges various social and educational difficulties, which are attributed in the complaint to an array of alleged government manipulations, including vast and intrusive federal government surveillance, tampering with electronic communications, deletion and planting of electronic files, terrorism, racketeering, and assassinations, and arranging an automobile crash in which Jane Doe 3 was injured. The allegations are of the type that courts have declined to find credible and have found to be patently meritless.

A court is not "vested with jurisdiction" to consider pleadings signed by a non-lawyer on behalf of another person. *Jones v. Fletcher*, No. Civ.A.05CV07-JMH, 2005 WL 1175960, at *4 (E.D. Ky May 5, 2005) (citing *Velasco v. Lamanna*, 16 Fed. Appx. 311 (6th Cir. 2001); *see also*, *Alexander v. Tyson*, No. 3:11CV710 SRU, 2013 WL 1798896, at

---

[1] Although the doctrine has been criticized for conflating jurisdiction over a claim with the merits of that claim, *see e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (the maxim is "more ancient than analytically sound"); *Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (regarding "wholly insubstantial and frivolous" claims, "[t]he accuracy of calling these dismissals jurisdictional has been questioned"), the doctrine nevertheless remains good law. *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988) ("Although most of the Court's statements of the principle have been dicta rather than holdings, and the principle has been questioned, it is an established principle of federal jurisdiction and remains the federal rule. It is the basis of a large number of lower-court decisions, and at this late date only the Supreme Court can change it") (internal quotations and citations omitted); *see also*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (approving of the doctrine); *Cruz v. House of Representatives*, 301 F. Supp. 3d 75, 77 (D.D.C. 2018) (applying the concept to dismiss obviously meritless claims).

*3 (D. Conn. Apr. 29, 2013) (noting that caution is generally warranted before sua sponte dismissal of pro se pleadings before service of process but concluding that dismissal was proper when a pro se plaintiff lacked authority to represent an estate).[2] The complaint was signed by an individual who is not licensed to practice law in this Court and the individual has provided no information to suggest he is licensed to practice law in any other jurisdiction. Accordingly, dismissal is warranted.[3]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the

---

[2] Although Mr. Buenaventura alleges that Jane Doe was school-aged during some of the events referenced in the filings, the time frame evidently covers many years, and he does not appear to have alleged that Jane Doe is still a minor. Even if Jane Doe is Mr. Buenaventura's minor child, the result would be the same. While a parent can act as a party on behalf of their minor children, a non-attorney parent cannot represent their children without the assistance of a lawyer. *See Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020).

[3] Courts ordinarily might permit a pro se plaintiff the opportunity to obtain counsel, or to amend the complaint to allege facts sufficient to establish that the filing party has the authority to prosecute the claim, but in this case, the opportunity would be futile given the nature of the complaint. Furthermore, in a substantially similar prior case involving the estate of Mr. Buenaventura's father, the Court identified the representation issue. *See Estate of Simon Buenaventura v. Executive Office of the President*, 2:23-cv-00211-JDL. Mr. Buenaventura, therefore, was aware of the attorney requirement when he commenced this action.

district court sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of October, 2023.