UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANE DOE 3 | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:23-cv-00358-JDL |
| | ) |
| EXECUTIVE OFFICE OF THE | ) |
| PRESIDENT et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

### ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE and *COK* WARNING

Ian Buenaventura, proceeding *pro se*, filed a complaint (ECF No. 1) on behalf of an unnamed family member, Jane Doe 3, against the President of the United States, the Secretary of Defense, and multiple unspecified entities, individuals, and foreign nations alleging an assortment of constitutional, statutory, and common law claims. On October 2, 2023, United States Magistrate Judge John C. Nivison filed his Recommended Decision (ECF No. 3) to dismiss the complaint. Buenaventura objects (ECF No. 7) to the Recommended Decision, though his objection generally rehashes claims alleged in the complaint and raises concerns about the consequences of dismissal, largely without challenging the Magistrate Judge's "specified proposed findings or recommendations." 28 U.S.C.A. § 636(b)(1) (West 2023).

Buenaventura's complaint bears a close likeness to his complaint in another case, *Estate of Mrs. Eva R. Buenaventura v. Executive Office of the President et al.*, No. 2:23-cv-00325-JDL, but asserts several additional, undeveloped claims not

1

included in that prior filing. The same is true of Buenaventura's objection to the Magistrate Judge's Recommended Decision; his objection here is near identical to his objection to the Recommended Decision in *Estate of Mrs. Eva R. Buenaventura* (No. 2:23-cv-00325-JDL, ECF No. 11). Indeed, the sole material distinction between the two objections is that here Buenaventura includes additional references to authority in his appendix that he seems to offer as support for the argument that a *pro se* litigant has a right to represent their child in legal proceedings.[1] *See* ECF No. 7 at 28–30, 45. Because Buenaventura's complaint and objection to the Recommended Decision closely mirror his same filings in *Estate of Mrs. Eva R. Buenaventura*, I adopt the findings and reasoning stated in my Order Accepting the Magistrate Judge's Recommended Decision in that case (No. 2:23-cv-00325-JDL, ECF No. 12) for present purposes. Here, as there, I find that Buenaventura's claims are so manifestly insufficient as a matter of law to be frivolous and his arguments in favor of non-lawyer representation of third parties to be unavailing.

In sum, I concur with the Magistrate Judge's recommendations and determine that no further proceeding is necessary.

## *COK* Warning

Finally, this is the third of three complaints that Ian Buenaventura has filed in this Court in the last eight months, all alleging similar, unactionable claims beyond

---

[1] To the extent that Buenaventura's purpose for appending these materials is to establish that he has a right to represent his child in these proceedings, First Circuit caselaw squarely forecloses that right. *See Ethan H. v. New Hampshire*, 968 F.2d 1210, at *1 (1st Cir. 1992) (unpublished table decision) (holding that a parent proceeding *pro se* cannot represent his or her child in district court proceedings).

2

the Court's jurisdiction. *See* Compl., *Est. of Att'y Simon M. Buenaventura v. Exec. Off. of the President*, No. 2:23-cv-00211-JDL (D. Me. May 19, 2023), ECF No. 1; Compl., *Est. of Mrs. Eva R. Buenaventura v. Exec. Off. of the President*, No. 2:23-cv-00325-JDL (D. Me. Aug. 20, 2023), ECF No. 1; Compl., *Doe 3 v. Exec. Off. of the President*, No. 2:23-cv-00358-JDL (D. Me. Sept. 21, 2023), ECF No. 1. Buenaventura's claims in this case are frivolous, as are the claims in the other two complaints he filed in this Court as a non-attorney on behalf of third parties. "[F]rivolous filings waste judicial resources" and inhibit the resolution of substantial matters within the Court's jurisdiction. *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 WL 2814627, at *1 (D. Me. July 2, 2019).

In light of Buenaventura's repeated frivolous filings, the Court hereby issues a *Cok* warning: **Any further frivolous filings by Buenaventura, in this docket or in any pending or new case, may result in an immediate order restricting his ability to file documents with the Court.** *See Cok v. Fam. Ct. of Rhode Island*, 985 F.2d 32, 35–36 (1st Cir. 1993). Those restrictions may include: requiring Buenaventura to append an affidavit to future pleadings stating that the pleadings do not raise the same issues that this Court has previously dismissed, together with a concise summary of the claim(s); limiting his ability to file documents within a new action without Court approval; limiting the number and length of Buenaventura's filings; and other restrictions to screen out frivolous filings. *See United States v. Gómez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005) (noting that federal courts may "enjoin a party—even a *pro se* party—from filing frivolous and vexatious motions");

*Procup v. Strickland*, 792 F.2d 1069, 1072–73 (11th Cir. 1986) (listing illustrative restrictions).

It is therefore **ORDERED** that the Magistrate Judge's Recommended Decision (ECF No. 3) is hereby **ACCEPTED**, and the complaint (ECF No. 1) is **DISMISSED** with prejudice.

**SO ORDERED.**

**Dated this 5th day of January, 2024.**

                                              /s/ Jon D. Levy
                                    **CHIEF U.S. DISTRICT JUDGE**